UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JOHN ANTUAN JACKSON** | * | **CIVIL ACTION NO.  18-0757** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **TOWN OF BERNICE aka TOWN HALL, MAYOR WILLIAM M. MITCHAM, TOWN ALDERMAN, CHIEF OF POLICE RICKY W. ALBRITTON IN THEIR OFFICIAL CAPACITY, DAVID HILL, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY, AND THEIR INSURANCE COMPANIES, XYZ** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions to dismiss: (1) a motion to dismiss for failure to state a claim upon which relief can be granted, filed by the Town of Bernice Police Department [doc. # 9]; and (2) a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6) for insufficiency of service and failure to state a claim upon which relief can be granted, filed by Defendants Mayor William M. Mitcham, Police Chief Ricky Albritton, the Bernice Town Aldermen, and the Town of Bernice [doc. #10]. For reasons set forth below, it is recommended that the motions be **GRANTED**.

### Background

On May 7, 2018, Plaintiff John Antuan Jackson filed a Petition for Damages in the 3rd Judicial District Court, Parish of Union, State of Louisiana, against numerous officials and

entities pursuant to 42 U.S.C. § 1983 for deprivation of his constitutional rights under the United States and Louisiana Constitutions. (*see* Petition, [doc. # 1-1]). In Paragraph I of the Petition, Jackson identified the following officials and entities as defendants: Town of Bernice aka Town Hall; Mayor, William Mitcham and the Bernice Town Alderman [sic]; Bernice Police Department, and Chief of Police, Ricky W. Albritton; David Hill; and XYZ Insurance Companies. Defendants removed the case to this court on June 7, 2018. [*see* doc. # 1].

According to the Petition, on May 13, 2017, Jackson was stopped by Defendant Hill, a police officer employed by the Bernice Police Department, for speeding, and given a citation. (*Id.* ¶ III). Hill became angry over Jackson's signature on the citation, launched into a rage, and yanked Jackson out of his car. Jackson informed Hill that he had a medical heart condition, and Hill responded "You [sic] going to have more than a damn heart condition." (*Id.*) Hill then handcuffed Jackson, shoved and aggressively handled him while walking him to Hill's patrol car, and slammed or crushed his legs in the door eight or nine times, which caused excruciating pain. Hill also shouted expletives at Jackson, flagged down a motorcyclist and asked him to hold Jackson so Hill could Taser him, choked Jackson to the point that he was going unconscious, and conducted a search of Jackson's car. (*Id.*) Jackson was then transferred to the Union Parish Detention Center in Farmersville, LA where he requested and was denied medical attention. After being released from custody the next day, he went to a medical center and was treated for his injuries. (*Id.*)

Jackson claims that Defendants violated his "clearly established rights" under the Louisiana Constitution art. 1 § 20 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as his Fourth Amendment right to be free from excessive force. (*Id.* ¶ IX). Specifically, Jackson claims that Defendants Hill's actions were "extreme and outrageous" and "below all bounds of decency and the standards of any reasonable officer." (*Id.* ¶ VI).

Further, Defendants Town of Bernice, Mayor William Mitcham, the Bernice Town Aldermen, and their insurance company, XYZ, are liable "for selecting, retaining and assigning employees with demonstrable propensities for excessive force, violence, negligence and other misconduct" and for depriving Jackson of "rights, privilege, and immunities" under the Louisiana and U.S. Constitutions while "acting under the color of state law." (*Id.* ¶ VIII).

In addition to his § 1983 claim, Jackson asserts causes of actions under La. Civ. Code art. 2315 for injuries, including loss of consortium, service, and society, caused by Defendants' negligence and/or fault. (*Id.* ¶¶ X, XIII). Jackson also requests attorney's fees pursuant to 42 U.S.C. § 1988. (*Id.* ¶ XI).

On July 3, 2018, the Town of Bernice Police Department filed a motion to dismiss, arguing it is not a legal entity capable of suing or being sued. [doc #9]. This motion is unopposed. On July 3, 2018, Mayor William Mitcham, Police Chief Ricky Albritton, the Bernice Town Aldermen, and the Town of Bernice filed a motion to dismiss asserting that (1) attempted service on the Bernice Town Aldermen is improper; and (2) plaintiff failed to state a cause of action against the remaining defendants. [doc #10]. Jackson filed a response on August 3, 2018. [doc # 16]. These matters are now before the court.

## Discussion

I.  **Town of Bernice Police Department**

The Town of Bernice Police Department argues it is not a legal entity capable of suing or being sued. [*see* doc. # 9-1]. Capacity to sue or be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Louisiana law, an entity must qualify as a "juridical person" to have the capacity to be sued. *Dejoie v. Medley*, 945 So. 2d 968, 972 (La. App. 2d Cir. 2006). "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24.

3

Courts hold uniformly that police departments are not juridical entities capable of being sued. *Sipes v. City of Monroe*, No. CIV.A. 11-1668, 2013 WL 1282457, at *3 (W.D. La. Mar. 28, 2013); *see Roth v. City of Pineville*, No. 1:11-CV-02061, 2012 WL 1596689, at *2 (W.D. La. Apr. 3, 2012) ("[T]here is legal precedent which finds police departments of Lawrason Act municipalities are not juridical persons subject to suit as they are dependent upon their municipalities in light of the governing structure set forth in the Lawrason Act."); *Parnell v. Jefferson Par. Sheriff's Office*, No. CIV. A. 10-0074, 2010 WL 1817814, at *2 n.1 (E.D. La. Mar. 31, 2010) (collecting cases).

Accordingly, **IT IS RECOMMENDED** that the motion to dismiss filed by the Town of Bernice Police Department be **GRANTED** and Plaintiff's claims against it be **DISMISSED WITH PREJUDICE**. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 314 (5th Cir. 1991) (affirming dismissal with prejudice of police department because it did not qualify as a juridical person).[1]

## II. Failure To State A Claim Upon Which Relief Can Be Granted

### A. Legal Standard

When an action is removed from state court to federal court, federal pleading standards control. *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018). Federal Rule of Civil 12(b)(6) sanctions dismissal when plaintiff fails "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain

---

[1] The undersigned also notes additional reasons to dismiss Plaintiff's claims against the Town of Bernice Police Department: First, Plaintiff did not name the police department in the caption of its complaint as required by Fed. R. Civ. 10(a). Second, Plaintiff did not state specific claims against the police department in the body of its complaint. *See Gillespie v. Wells Fargo Home Mortg.*, No. EP-10-CV-00240-KC, 2012 WL 12877662, at *9 (W.D. Tex. May 11, 2012). (dismissing defendant because (1) defendant was not listed in the caption of the amended complaint; and (2) plaintiff failed to allege specific facts about defendant in detailing substantive claims).

statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully, *id.*; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

In evaluating the sufficiency of a complaint, a court must accept as true all factual allegations in the complaint, although the same presumption does not extend to legal conclusions. *See Iqbal*, 556 U.S. at 678. A court may permit a well-pleaded complaint to proceed even when "actual proof of those facts is improbable" or recovery is unlikely. *Twombly*, 550 U.S. at 556. But a court will dismiss a complaint "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

B. <u>Section 1983</u>

Section § 1983 creates a private cause of action against every person who, under color of law, deprives a "citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. A § 1983 suit may be brought against a party in its official or individual capacity, as well as against a government entity. *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009).

To establish municipal liability under § 1983, a plaintiff must prove that "(1) an official

policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). "A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it through some official action or imprimatur." *Peterson*, 588 F.3d 838 at 847 (internal quotations omitted). Further, municipalities are not liable under § 1983 on the theory of *respondeat superior*. *Id.*

An official policy can exist in various forms, including written policy statements, regulations, ordinances, or "widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* (internal quotations omitted). Plaintiff may establish a custom or policy exists by demonstrating (1) a pattern of unconstitutional conduct by municipal actors or employees; or (2) a single unconstitutional act by a final policymaker. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010). Not every decision by a policymaker will subject a municipality to liability under § 1983. Rather, "[m]unicipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)). For liability to attach, there must also be "a direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001).

A suit against a party in its official capacity is generally "another way of pleading an action against an entity of which an officer is an agent." *Goodman*, 571 F.3d at 395 (quoting *Monell*, 436 U.S. at 690 n.55). Therefore, an official-capacity suit is treated as a suit against the real party in interest—the government entity—and not against the official personally. *Id.* "When .

. . the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss them." *Clark v. Lafayette Police Dep't*, No. 6:18-CV-0058, 2018 WL 3602974, at *8 (W.D. La. July 11, 2018) (citing *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001)).

On the other hand, a personal-capacity suit seeks to impose liability on a "government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To plead a § 1983 cause of action against a party acting in its individual capacity, a "plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008). A supervisor is not individually liable for a subordinate's actions in which he had no involvement, *id.*, unless a plaintiff proves the supervisor "acted, or failed to act, with deliberate indifference" to his subordinate's constitutional violations. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Deliberate indifference requires proof that the supervisor "disregarded a known or obvious consequence of his action." *Id.* at 446-47.

 C. Individual Defendants

 *1. Mayor William M. Mitcham*

Defendants argue that Jackson's claim against William Mitcham should be dismissed because the Petition for Damages does not contain any cause of action against William Mitcham in his individual capacity, and the request for service only references him in an effort to serve the Town of Bernice. [doc. # 10-1 at 3]. Jackson responds that paragraphs VIII and X of the Petition do contain individual allegations against Mitcham, sufficient to survive dismissal. [doc. # 16 at 10-11].

Paragraph VIII of the Petition states, in pertinent part, that Mayor William Mitcham, is

[L]iable in solido for damages caused to Plaintiff for selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, negligence and other misconduct and acting with deliberate indifference to Plaintiff's medical needs. Further, Defendant, acting under the color of state law, [is] liable to Plaintiff for depriving Plaintiff of rights, privilege, and immunities secured by the Louisiana Constitution and the U.S. Constitution.

Paragraph X alleges, in pertinent part, that Defendants and their employees/agents failed to adequately train and supervise their employees regarding restraining a person, employed employees that caused violence and harassment, failed to protect Plaintiff against harmful employees, and failed to discipline their employee even after his known propensity for excessive force and placing society in danger.

To the extent Jackson is suing Mayor Mitcham in his official capacity, the government entity—the Town of Bernice—is the real party in interest and has been sufficiently served. Therefore, claims against Mayor Mitcham are duplicative and should be dismissed. *See Castro Romero*, 256 F.3d at 355 (affirming dismissal of claims against municipal officers and employees in their official capacities, because they were duplicative of claims against the respective government entities themselves).

To the extent Jackson is suing Mitcham in his individual capacity, the Petition is devoid of facts to support a finding that Mitcham was personally involved in, or that his actions were causally connected to, depriving Jackson of his constitutional rights. Jackson merely makes conclusory allegations regarding all of the defendants' actions, which are insufficient to survive a motion to dismiss. *See Carter v. Reach*, 399 F. App'x 941, 942 (5th Cir. 2010); *Causey v. Par. of Tangipahoa*, 167 F. Supp. 2d 898, 904 (E.D. La. 2001) ("[C]omplaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss.") (internal quotations omitted).

8

Accordingly, **IT IS RECOMMENDED** that Defendants' motion to dismiss Plaintiff's § 1983 claim against William M. Mitcham be **GRANTED**.

*2. Police Chief Ricky Albritton*

Defendants argue that Jackson's Petition likewise fails to state a cause of action against Police Chief Albritton in his individual capacity or allege he was "present at the scene of arrest, directed any actions of anyone involved in the acts described in the petition," or was "present at any time the events allegedly took place." [doc. # 10-1 at 3]. Jackson responds that Paragraph I of the Petition alleges the Police Chief is the decisionmaker for the Bernice Police Department. Further, it is "inferable" from the Petition that he is "liable for the actions and failures to act in paragraph VIII," and he is one of the Defendants listed in paragraph X. [doc. # 16 at 11].

As with Mayor Mitcham, to the extent Jackson is suing Police Chief Albritton in his official capacity, it would be appropriate to dismiss him because the real party in interest is the Town of Bernice.[2] To the extent Jackson is suing Albritton in his individual capacity, there are again no specific facts regarding his personal involvement or a wrongful action. Notably, Jackson does not name Albritton as one of the defendants in paragraph VIII, but merely states, incorrectly, that the court can infer he is liable for the actions listed. Jackson has also failed to allege any facts that Albritton acted or failed to act with deliberate indifference to his subordinate's allegedly unconstitutional conduct to satisfy the requirement for supervisory liability.

Accordingly, **IT IS RECOMMENDED** that Defendants' motion to dismiss Plaintiff's § 1983 claim against Ricky Albritton be **GRANTED**.

---

[2] As previously discussed, the Town of Bernice Police Department is not a juridical person; the real party in interest is the municipality with authority over the police department. *See supra* Parts I, II.B.

D. Town of Bernice

Defendants argue that Jackson has failed to plead facts to support a claim for municipal liability against the Town of Bernice. According to Defendants, the Petition contains no supporting facts, includes no reference to a pattern of unconstitutional conduct, and does not reference any particular Town policies. Defendants also note that any claim for failing to provide medical care does not apply to the Town as Jackson only alleged he requested medical attention after being transferred to the Union Parish Detention Center, for which the Town is not responsible. [doc. # 10-1 at 4-5].

Jackson responds that his Petition does allege official policies and practices. "These practices include: selecting, training and assigning dangerous employees and acting with deliberate indifference to Plaintiff's medical needs . . . and failing adequately to train or supervise employees, continued [sic] to employ persons who caused violence, failing to protect the public against harmful employees and failing to discipline a known violent employee." [doc. # 16 at 13].

Jackson provides no facts to establish an official municipal policy, practice, or custom that led to violation of his constitutional rights or an unconstitutional act by a final policymaker. The alleged policies Jackson lists are merely conclusory and do not satisfy the pleading standards to survive a Rule 12(b)(6) motion to dismiss. *See Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."); *see also Twombly*, 550 U.S. at 556 (requiring a well-pleaded complaint to contain sufficient facts to show entitlement to relief). The only "specific fact" in the Petition is the single incident between Jackson and Defendant Hill, which does not establish liability. To plausibly "plead a practice so persistent and widespread as to practically have the force of law . . . a plaintiff must do more than

describe the incident that gave rise to his injury." *Peña*, 879 F.3d at 622 (internal citations and quotations omitted).Without facts of any policy, practice, or custom there can be no municipal liability under § 1983.

Accordingly, **IT IS RECOMMENDED** that Defendants' motion to dismiss Plaintiff's § 1983 claim against the Town of Bernice be **GRANTED**.[3]

E. Request to Replead

Jackson requests, in the alternative, an opportunity to amend his complaint to cure any pleading deficiencies. Jackson has had ample opportunity to file for leave to amend his complaint, both when the suit was removed to federal court and since being served with Defendants' motion to dismiss, but has failed to act. While courts generally permit a plaintiff to amend a complaint to cure any defects, a plaintiff is "not entitled to an opportunity to satisfy the heightened pleading requirements of municipal liability cases when [he] simply declares the adequacy of [his] complaint in response to the motion to dismiss." *Spiller*, 130 F.3d at 167 (internal quotations omitted). In this case, Jackson responded to Defendants' motion to dismiss by quoting passages of his Petition and asserting that the Petition sufficiently alleged municipal liability. Having chosen not to amend and simply state that the initial pleading is sufficient, Jackson is not entitled to additional opportunities to replead his claims at this time. *See Gilmore v. Stalder*, No. CIV.A. 06-1509, 2007 WL 324582, at *5 (W.D. La. Jan. 31, 2007) (denying

---

[3] Jackson also notes that his Petition was filed in Louisiana state court, which has a different pleading standard than federal court, and claims Defendants had the burden to file a motion for a more definite statement if it did not think the allegations contained sufficient detail. [doc # 16 at 11, 13]. However, federal pleading standards apply here, and Jackson could have amended his complaint in accordance with Fed. R. Civ. P. 15. Further, a motion for a more definite statement is generally disfavored, and is not appropriate where, as here, "the moving party can reasonably respond to the non-movant's pleading." *Batiste v. Pharma-Safe Indus. Servs., Inc.*, No. 6:16-CV-00813, 2016 WL 6271160, at *2 (W.D. La. Oct. 26, 2016); *see* Fed. R. Civ. P. 12(e).

plaintiff leave to amend its complaint); *see also Babb v. Dorman*, 33 F.3d 472, 479 (5th Cir. 1994) (affirming refusal to grant plaintiff leave to amend his complaint because he simply asserted the sufficiency of his complaint in his response to a motion to dismiss).

**III.  Service of Process**

Defendants Mayor William Mitcham, Police Chief Ricky Albritton, the Bernice Town Aldermen, and the Town of Bernice argue that Jackson has failed to satisfy the requirements of service of process under Rule 4. [*see* doc. # 10-1]. Specifically, Defendants claim the Petition names a collective group known as the "Town Aldermen" as defendants, but Jackson does not name any individual members of the Town Aldermen and never requested service on any individual members. Defendants argue that Jackson intended to bring suit against the Town Aldermen in their official capacities as the Petition does not reference any claims against the members in their individual capacities. Additionally, the service instructions were to serve the "Town of Bernice through its Mayor William M. Milton and the Town Alderman President," suggesting an effort to sue only the Town of Bernice. (*Id.* at 1-3).

Jackson responds that he directed service to be made on the "Town Aldermen President" at a specific address and Defendants have not suggested that such a person does not exist or is an improper party for service. Additionally, Jackson argues that he does include claims against the Town Aldermen, in paragraph VIII of his Petition. Jackson further argues that the fact that no individual Town Aldermen are named in the Petition and there are no individual allegations against them is not relevant to the issue of service. Finally, Jackson requests that the court exercise its discretion to grant him an extension of time for service, if service should be made on named individual Town Aldermen. [doc. # 16 at 6-8].

A.  Legal Standard

Federal Rule of Civil Procedure 4 provides, in pertinent part:

**(e) Serving an Individual Within a Judicial District of the United States.**
Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
   **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
   **(2)** doing any of the following:
      **(A)** delivering a copy of the summons and of the complaint to the individual personally;
      **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
      **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
. . . .

**(j) Serving a Foreign, State, or Local Government.** . . .
   **(2)** *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
      **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
      **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Under Louisiana law, service on an individual may be personal, domiciliary, or through an authorized representative. La. Code Civ. Proc. arts. 1231-35. Service on a local government "is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion." *Id.* art. 1265.

A claim may be dismissed for insufficient process under Rule 12(b)(4) and for insufficient service of process under Rule 12(b)(5). *See Gartin v. Par Pharmaceutical Co., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (noting that Rule 12(b)(4) motions concern the form of process, while Rule 12(b)(5) motions challenge the mode, manner, or lack of delivery). "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc.*

*v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

    B. <u>Analysis</u>

At the outset, it is unclear whether Jackson intended to bring suit against the Town Aldermen in their official capacities or individual capacities. The caption of the Petition names as Defendants the "Town of Bernice aka Town Hall, Mayor William M. Mitcham, Town Alderman, . . . in their official capacity." The Petition also names David Hill as a defendant, "individually and in his official capacity," but does not do so for the Town Aldermen. Furthermore, the body of the Petition lists Mayor, William Mitcham and the Bernice Town Alderman as Defendants, stating they "are the governing authorities, decision makers for the Town of Bernice, and is [sic] acting pursuant to the laws of the State of Louisiana," which suggests an official-capacity suit. (*See* Petition ¶ I). But Jackson indicates he did intend to sue the Town Aldermen in their individual capacities, as evident by including them in paragraph VIII of his Petition. [doc. # 16 at 8].

As explained above, a suit against the Town Aldermen in their official capacities is a suit against the Town of Bernice. *See supra* Part II.B. Defendants agree that Jackson properly named and served the Town of Bernice through its Mayor, William M. Mitcham. [*see* doc. # 9-1 at 4]. Jackson has therefore complied with Rule 4(j)(2), and there is no need for Jackson to effectuate service on the Town of Bernice again, this time through the Town Aldermen. Consequently, the claims against the Town Aldermen in their official capacities should be dismissed.

On the other hand, "[a] plaintiff seeking damages from a public official in his individual

capacity . . . must effect service personally pursuant to FRCP 4(e)." *Coleman v. Lee*, No. CV 15-2365, 2017 WL 424884, at *2 (W.D. La. Jan. 30, 2017) (internal quotations omitted). Jackson's service of process on the Town Aldermen was deficient because no Town Alderman was served. The service instructions specifically indicated the Town of Bernice should be served, *through* the Mayor or Town Alderman President. There are no separate instructions for service on any individual Town Alderman. Therefore, any proceedings against the Town Aldermen are void.

Jackson requests, in the alternative, that the court grant him an extension of time to serve the Town Aldermen. However, it would be futile to grant an extension because the allegations against the Town Alderman, as set out in paragraph VIII of its Petition, are conclusory and provide no details about any personal involvement of any individual Town Aldermen. *See Castro Romero*, 256 F.3d at 355. Therefore, even if Jackson served the individual Town Aldermen in accordance with Rule 4(e), his Petition would lack the factual detail necessary to state a claim under § 1983.

Accordingly, **IT IS RECOMMENDED** that Defendants' motion to dismiss Plaintiff's claims against the Bernice Town Aldermen be **GRANTED**.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim filed by the Town of Bernice Police Department [doc. # 9], be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim and for insufficient process and service of process [doc. # 10] be **GRANTED** and

Plaintiff's § 1983 claims against Mayor William Mitcham, Police Chief Ricky Albritton, and the Town of Bernice be **DISMISSED WITH PREJUDICE**.[4]

  **IT IS FURTHER RECOMMENDED** that Plaintiff's claims against the Bernice Town Aldermen be **DISMISSED WITH PREJUDICE**.

  Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

  **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

  In Chambers, at Monroe, Louisiana, this 21st day of September 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendants' motion to dismiss did not address Plaintiff's state law claims against them, and they are not discussed in this Report and Recommendation.